LOBRANO, Judge.
Defendant, Kerry White, was charged by bill of information with the January 11, 1983 attempted aggravated rape of a six year old juvenile, a violation of LSA R.S. 14:27, 14:42,[1] case No. 295-559 and charged *537 by grand jury indictment with the January 11, 1983 aggravated rape of a two year old juvenile, a violation of LSA R.S. 14:42, in case No. 295-552. Both matters have been consolidated in this appeal.
On May 6,1983 and April 5,1983, respectively, defendant pled not guilty to both charges. On May 12, 1983, following a lunacy hearing defendant was found sane at the time of these offenses and competent to stand trial. Defendant subsequently filed a motion to suppress his confession to both charges. This motion was denied by the trial court on January 6, 1984. On February 14, 1984, defendant retracted his former pleas of not guilty to both offenses, pled guilty to the attempted aggravated rape charge and pled guilty to forcible rape[2] on the aggravated rape charge specifically reserving his right to appeal the court’s ruling on the motion to suppress his confession under State v. Crosby, 338 So.2d 584 (La.1976). The state filed a multiple bill pursuant to LSA R.S. 15:529.1 charging defendant with a previous felony conviction for attempted simple burglary. As a multiple offender, defendant was sentenced to serve twenty-five (25) years, Department of Corrections for the forcible rape conviction and Sixteen (16) and two-thirds (%) years concurrently, Department of Corrections for the attempted aggravated rape conviction. Defendant asserts the following specifications of error:
1) The trial court erred in denying the motion to suppress the confession because of coercion and,.
2) The trial court erred in imposing an excessive sentence without conducting a pre-sentence investigation or considering the mandatory provisions of La.C.Cr.P. Art. 894.1.
FACTS:
Kerry White was arrested on February 11, 1983 as a result of a complaint of child abuse made by his girlfriend, Kimberly Lewis. White, Lewis and Lewis’ two year old daughter resided together at 1852 N. Dorgenois Street, Apt. 3. On the day in question, Lewis left the child in the apartment with White. She returned at approximately 8:20 p.m. and found evidence that the child had been abused. She called the police and reported the incident. After an investigation by the police, White was arrested and charged with aggravated rape of a juvenile.
Detective Byron Adams had been investigating the alleged January 11, 1983 attempted aggravated rape of a six year old when he was informed by another detective *538 of the arrest of the defendant. Adams decided to interview the defendant relative to the alleged rape of the six year old. Adams obtained a taped confession of both crimes. The confession was reduced to writing but never signed by the defendant.
ERRORS PATENT:
We have reviewed this record for errors patent as required by La.C.Cr.P. Art. 920(2). We find none.
ASSIGNMENT OF ERROR 1.
Before the state may introduce a confession into evidence, it has the burden to prove beyond a reasonable doubt that the statement was “free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.” LSA R.S. 15:451; La. C. Cr.P. Art. 703(D); State v. Jerry Wilms, 449 So.2d 442 (La.1984).
When a defendant alleges specific instances of police misconduct in reference to a confession, it is incumbent upon the state to specifically rebut the allegations. State v. Norris Vessell, 450 So.2d 938 (La. 1984); State v. Dison, 396 So.2d 1254 (La. 1981). The voluntariness of a confession must be resolved from the facts and circumstances of the particular case. State v. Benoit, 440 So.2d 129 (La.1983).
The admissibility of a confession is, in the first instance, a question for the trial judge and his conclusions as to the credibility and weight of the testimony relative to the voluntary nature of the confession will not be overturned unless they are not clearly supported by the evidence. State v. Wilms, supra; State v. Jackson, 414 So.2d 310 (La.1982). In the instant case, defendant asserts his confession was illegally obtained for the following reasons:
1) He was forced to confess at gunpoint;
2) He was promised medical assistance in return for his confession;
3) Detective Adams turned the tape recorder off several times so that he could give defendant the answers to his questions;
4) His low I.Q., illiteracy, emotional and mental problems rendered him unable to understand his Miranda rights and intelligently waive those rights;
5) He was denied his right to counsel.
It is well settled that confessions obtained by “any direct or implied promises, however slight, or by the exertion of any improper influence, are involuntary and inadmissible as a matter of constitutional law” State v. Dison, supra at 1258 quoting Bram v. United States, 168 U.S. 532, 543, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897).
Detective Adams testified that the defendant was not threatened, forced or coerced into confessing. He specifically denied pointing a gun at defendant or coercing him into giving certain answers. Additionally, defendant’s contention that the tape recorder was turned off several times is impeached by the tape itself. State v. West, 408 So.2d 1302 (La.1982). After listening to the tape, the trial judge commented that it didn’t sound as if the recorder had been turned on and off. The court resolved this credibility issue in favor of the police officer and his conclusions are not unsupported by the record. State v. Wilms, supra.
Detective Adams denied making any promises to defendant in return for his confession. Adams testified as follows:
“Mr. White asked me was there anything that I could do for him, at which time I told him I could not promise him anything. The only thing that I could guarantee him was that whether he was sentenced to one year or 99 years, the only thing that the courts will probably do for him is to give him help for sexual problems I thought he had.”
Adams’ statement can hardly be construed as a promise that would induce defendant to confess. Moreover, defendant’s own testimony reveals that while he complains of promises, he unequivocally stated that he confessed because he was forced to do so at gunpoint.
In regards to the relationship between diminished mental or intellectual capacity *539 and involuntariness, the Louisiana Supreme Court has noted that such a condition does not of itself vitiate the ability to knowingly and intelligently waive constitutional rights and make a free and voluntary confession. State v. Benoit, supra.
Defendant testified that he understood his rights:
“Question by Defense Counsel:
Did the officer tell you that you need not make any statements. That is, you have a right to remain silent. Anything you say may be used against you in trial. Did he tell you those things?
A. Yeah, he told me that.
Q. What did that mean to you?
A. It mean to me that you don’t have to say nothing without no lawyer or nothing.”
Finally, defendant asserts that he was denied his right to counsel and because he is unable to read was unaware of the contents of the Miranda form he signed.
Adams’ testimony rebuts defendant’s claim that he was denied his right to counsel. Adams testified that he spoke with the defendant on two occasions. On the first occasion, defendant indicated that he wanted to make a statement but requested that Adams return a few days later to take the statement. On the second occasion, the statement was taken. According to Adams, on both occasions he advised defendant orally of his right to have counsel present. He stated defendant signed a rights of arrestee form to that effect and specifically told him that he did not want an attorney. Again, this conflict in testimony was resolved by the trial court in favor of the police officer and this decision is not unsupported by the evidence. State v. Brown, 414 So.2d 689 (La.1982).
This assignment is without merit.
ASSIGNMENT OF ERROR 2.
In his pro se appeal, defendant argues that the trial court erroneously refused his attempt to withdraw his guilty plea before sentencing. Defendant also contends that the trial court failed to consider the sentencing guidelines of La.C.Cr.P. Art. 894.1 before imposing the twenty-five year sentence.
Nothing in the record indicates that defendant attempted to withdraw his guilty plea. The minute entry from the sentencing hearing reflects no such attempt and the record is devoid of any motion (either by counsel or pro se) to withdraw the guilty plea.
Defendant’s argument that the trial court failed to consider the provisions of Art. 894.1 is without merit. The trial court is not required to enumerate reasons for a particular sentence when the sentence resulted from a plea bargain agreement to which all parties agreed. State v. Washington, 406 So.2d 191 (La.1981); State v. Curry, 400 So.2d 614 (La.1981). Considering the gravity of the offenses the sentences are clearly not excessive. Furthermore defendant agreed to the sentences as a condition to the plea bargain.
This assignment of error is without merit.
For the foregoing reasons defendant’s convictions and sentences are affirmed.
AFFIRMED.

. La.R.S. 14:27 provides:
"Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be *537 immaterial whether, under the circumstances, he would have actually accomplished his purpose.
(D) Whoever attempts to commit any crime shall be punished as follows:
(1)If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years; ”
La.R.S. 14:42 provides:

Aggravated rape

“Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victims resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm,
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
(4)Where the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.”

. Forcible rape
Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under the circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole or suspension of sentence.