482 So.2d 135 (1986)
STATE of Louisiana
v.
Donald PRICE.
No. KA-3478.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
*136 John M. Lawrence, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patricia E. Black, Asst. Dist. Atty., New Orleans, for appellee.
Before WARD and BYRNES, JJ., and HUFFT, J. Pro Tem.
BYRNES, Judge.
Defendant, Donald Price, was convicted of aggravated burglary, a violation of R.S. 14:60 and sentenced as a multiple offender to serve ten years at hard labor, with credit for time served. Defendant has appealed, specifying eight assignments of error.
On August 15, 1981, defendant, Donald Price, knocked on the door of an apartment located at 628 N. Galvez Street. When Willie Woodfork, one of the residents, *137 opened the door, the defendant demanded to see someone named "Joe". Woodfork informed the defendant that no one was home by that name, whereupon the defendant stuck his foot in the door and forced it open. He then drew a derringer pistol and followed Woodfork up the stairs to a bedroom where Joseph Woodfork, Willie's cousin, was sleeping. Joseph awoke to find his cousin entering his room with the armed defendant behind him. After looking at Joseph the defendant declared, "No, you not my Joe." After the three men went back downstairs, Joseph saw Price pick up his mother's ring from the top of the T.V. set and place the ring in his pocket. Lottie Woodfork, Joseph's mother, testified at trial that she had placed the ring on the T.V. set earlier that morning and had not seen it since.
At the time of the incident, defendant was wearing a dark orange-colored suit with a black shirt. His hair was described as a "long jeri curl." Shortly after 1:00 p.m. on that same day, Police Officer Norman Ceasar received information that an armed robbery suspect wearing a rust-colored suit, black shirt and a long Afro hairstyle was walking in a riverbound direction on Orleans Avenue near Galvez Street. The described suspect, later identified as the defendant, was stopped shortly thereafter and arrested as a result of a concealed weapon being found on his person.
According to the follow-up detective, John Bondio, the defendant later gave a oral statement in which he admitted forcing his way into the 628 N. Galvez apartment, but denied any knowledge of the missing ring.
We have reviewed the record of defendant's conviction for errors patent and find no errors.

ASSIGNMENT OF ERROR NO. 1
In this assignment, defendant claims that the court erred by not granting his motion to quash based upon prescription.
Under C.Cr.P. Art. 578 and 580, a trial for aggravated burglary must begin within two years from the institution of prosecution unless the prescriptive period has been suspended during the pendency of a preliminary plea. The prescriptive period resumes upon the ruling of the court relative to such a plea. A "preliminary plea" under C.Cr.P. Art. 580 has been defined as any plea filed after the institution of prosecution but before trial which causes the trial to be delayed. State v. Elfert, 247 La. 1047, 175 So.2d 826 (1965).
In this case, prosecution against Donald Price was instituted on September 3, 1981. Preliminary pleas, including a Motion to Suppress Evidence and a Motion to Suppress Indentification, were filed on September 24, 1981, and November 30, 1981. The State filed its answers on December 3, 1981. Due to numerous delays, including state and defense requests for continuances and defense counsel's failure to appear, a hearing on the motions was not held until November 22, 1982.
The trial, commenced thirteen months later, was within the prescriptive period set forth in C.Cr.P. Arts. 578 and 580. State v. Washington, 430 So.2d 641 (La.1983); State v. Barksdale, 459 So.2d 554 (La.App. 4th Cir.1984). This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the court erred by not granting him a preliminary hearing.
Requests for a preliminary hearing were filed by defense counsel on September 24, 1981 and November 30, 1981. A hearing was immediately set by the trial court, but was continued by the defense. Various other continuances by the court, the state and the defense resulted in a failure to hold the hearing. No further request for a hearing was made by the defense until the morning of trial.
When a defendant feels that he has a right to a preliminary hearing, he should assert that right before trial by means of an application to the appellate court for supervisory writs. Should the *138 defendant fail to take advantage of this procedure, he cannot, on appeal after his conviction, allege that he was improperly denied a preliminary hearing. State v. Brent, 347 So.2d 1112 (La.1977). In the instant case, the defendant did not seek supervisory writs from the trial court's denial of his request for a preliminary hearing. Even if the trial court erred in denying the preliminary hearing, the issue is moot after the conviction, absent a showing of prejudice. State v. Washington, 363 So.2d 509 (La.1978). We see no prejudice in this case.

ASSIGNMENT OF ERROR NO. 3
By this assignment, defendant claims that the court erred by overruling his objection to testimony from a state witness as to the ownership of the ring allegedly taken by defendant during the commission of the crime.
Defendant maintains that the testimony of Joseph Woodfork relative to the ownership of the ring which he saw defendant pick up and place in his pocket was impermissible hearsay. The statements cited by defendant involved neither an oral nor written statement by an out-of-court declarant. Joseph Woodfork knew, from his personal experience, who owned the ring. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
This assignment of error has been abandoned by the appellant on appeal.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the court erred by permitting the state to introduce into evidence a statement allegedly made by the defendant to a police officer. Defendant does not contend that the statement was not free and voluntary. He contends that the statement was not made at all.
The determination of the admissibility of a confession is, in the first instance, a factual question for the trial judge, and his conclusions will not be disturbed unless unsupported by the evidence as a whole. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Burkhalter, 428 So.2d 449 (La. 1983); State v. White, 458 So.2d 535 (La. App. 4th Cir.1984). This principle of law likewise encompasses the judge's rulings as to the credibility of the witness regarding the facts and circumstances surrounding the statement to be admitted. State v. Mitchell, 437 So.2d 264 (La.1983).
In the instant case, after a hearing on the admissibility of the statement, the trial judge chose to believe the police officer's testimony that the statement was made and rejected the testimony of the defendant. The matter then became one for the jury as to the weight and effect to be given to the alleged statement. The record does not support a conclusion that the trial judge abused his discretion in ruling the statement admissible or in choosing to believe the officer.
The defendant further alleges that the statement was the product of an illegal arrest in that there was insufficient probable cause for arrest.
Under C.Cr.P. Art. 215.1, a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense, and may demand of him name, address, and an explanation of his action. Pursuant to this article, the officer, once he has stopped the suspect, may frisk the suspect's outer clothing and may even conduct a full search if the officer reasonably believes the suspect has a dangerous weapon. State v. Morgan, 445 So.2d 50 (La.App. 4th Cir.), writ den. 446 So.2d 317 (La.1984); State v. Denis, 441 So.2d 801 (La.App. 4th Cir.1983). Reasonable cause for an investigatory stop is something less than probable cause; nevertheless, the officer must have articulable knowledge of particular facts which, in conjunction with reasonable inferences drawn therefrom, is sufficient to provide reasonable grounds to suspect criminal activity. State v. Bickham, 404 So.2d 929 (La.1981). The totality of the circumstances must be *139 considered in determining the reasonableness of the investigatory stop. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). In the instant case, an anonymous caller notified the police that an armed robber was, at that moment, walking in a riverbound direction on Orleans Avenue near Galvez Street. The caller gave a detailed description of the armed robber. The officers proceeded to the location and spotted the defendant, who matched the given description. On the basis of this corroboration of the tipster's information, the officers had reasonable cause to stop the suspect and to search him in the belief that he might still be armed. State v. Magee, 416 So.2d 930 (La.1982). Once the derringer was found upon the defendant, probable cause to arrest was present. This assignment of error is therefore without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the court erred by permitting the state to introduce into evidence, State Exhibit No. 2, a pistol, evidence tag, and pellet allegedly recovered from the pistol.
Defendant argues that the pistol was not admissible because it was the product of an illegal arrest, search and seizure. As noted above, the arrest and search of defendant were legal and the pistol was therefore admissible.
Defendant also objects to the introduction of the pellet, claiming that no predicate had been laid for its introduction, that its introduction was prejudicial to the defendant, and that it was not relevant to any material issue. The arresting officer, Norman Ceasar, testified that he and his partner removed a two-shot derringer from the person of the defendant. After filling out an evidence card, the officer then turned the weapon over to the central evidence and property section of the New Orleans Police Department. The officer identified the pistol in court; however, there was no reference to the pellet in this testimony.
A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same object originally seized by the officer. State v. Vaughn, 431 So.2d 763 (La.1983). In order to introduce demonstrative evidence, it is sufficient if the foundation laid establishes that it is more probable than not that the object is one connected with the case. Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Taylor, 422 So.2d 109 (La.1982), cert. den. Taylor v. Louisiana, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983).
While it is arguable that the foundation laid for the introduction of the gun made it more probable than not that the pellet had been removed from the seized pistol, the fact remains that there was never an identification of the pellet or an in globo identification of the exhibit. However, even if the pellet was admitted erroneously, the error was harmless in that a prejudicial effect has not been demonstrated. C.Cr.P. Art. 921. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NO. 7 & 8
In his combined argument relative to these assignments of error, defendant maintains that the evidence presented at trial was insufficient to support his conviction for aggravated burglary in that the state failed to prove: (1) that the defendant had the intent to commit a felony or theft when he entered the residence at 628 North Galvez Street, and (2) that his entry into the residence was unauthorized.
In reviewing convictions on appeal, the court must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984); State v. *140 Fuller, 414 So.2d 306 (La.1982). State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir. 1984).
The crime of aggravated burgulary (R.S. 14:60) is defined as follows:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
1. Is armed with a dangerous weapon; or
2. After entering arms himself with a dangerous weapon; or
3. Commits a battery upon any person while in such a place, or in entering or leaving such place.
Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.
In the instant case, defendant entered the residence of Lottie Woodfork which was occupied at the time by Joseph Woodfork, Joseph's two year old daughter, Willie Woodfork, and Denetta Butler. His entry was unauthorized and by force. Defendant entered the residence while armed with a dangerous weapon. He stated to Officer Bondio that had he found the right "Joe" at the Galvez Street apartment, he would have killed him. Defendant was seen picking up a ring belonging to Lottie Woodfork and placing it in his pocket. He was arrested shortly after the incident and was wearing the same clothes he had on earlier while at the Woodfork home. Three people identified defendant as the man who forced his way into the 628 North Galvez Street apartment.
Based upon the facts as presented at trial, as well as the defendant's admission to Officer Bondio, any rational trier of fact could have found all of the elements necessary to prove that the defendant committed the crime of aggravated burglary. State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984); State v. Thomas, 439 So.2d 629 (La.App. 1st Cir.1983), reversed on other grounds, 452 So.2d 1177 (La.1984).
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.