SCHOTT, Judge.
Defendant was convicted of armed robbery in violation of LSA-R.S. 14:64 and sentenced to twenty-five years at hard labor. We have examined the record for errors patent and find none.
On December 18, 1985 a man entered a convenience store in New Orleans, picked out some items, and brought them to the cashier. When the clerk opened the cash register he pulled a knife on her and took cash from the register. A hidden camera took an excellent picture of him holding the knife over his head.
When he left, the cashier summoned the police and gave them a description of the robber. On January 4, 1986 the investigating officers presented the cashier with an array of six photographs from which she identified the defendant as the robber. Having obtained a warrant the officers arrested the defendant at his home.
On the way to the police station in the police car the officers read him his Miranda -constitutional rights and advised him that he was under arrest for the December 18 robbery of the convenience store. He stated that he understood his rights but denied that he committed a robbery. He said he had stolen some money from the register but “didn’t have no gun or nothing.” When they arrived at the police station they again advised him of his rights and showed him the picture taken by the concealed camera. When he saw the photograph, according to one officer he stated, “Oh, Lord, I should have just told the lady my name when I robbed her.” The other officer’s version of his statement was, “I should have left the lady my name, too. Ya’ll got me.”
Dorothy Holmes, another employee of the store, who was mopping when the rob *734 bery was committed also identified the defendant in court as the robber. She testified that she had known him before the robbery.
By his first assignment of error defendant contends his motion to suppress his identification should have been granted because the array of photographs presented to the cashier was unduly suggestive. The principal thrust of his argument under this assignment is aimed at the officers’ use of a twelve year old photograph of the defendant in the array presented to the cashier because (he alleges) the cashier had described him as about twenty-five when he was actually thirty-six years of age. We fail to see how this factor in itself made his picture unduly suggestive considering that all of the subjects in the array appear to be about the same age as defendant. Furthermore, since the cashier had seen the hidden camera’s photograph of the defendant, her identification of him from a twelve year old photograph seems to be quite reliable. Defendant also argues that defendant was the only one in the array with a “hat indentation” in his hair, but at least one and perhaps two of the others also had this characteristic. Finally, he says the cashier was “predisposed” to select someone from the array because she expected to see the robber's picture among them. We do not interpret her testimony to mean that she felt compelled to pick someone out even if she could not identify him.
From our review of the identification procedure, including an inspection of the photographs in the array, we conclude that the procedure was not unduly suggestive or conducive to an irreparable mistaken identification. Furthermore, the record supports the admissibility of the identification based upon the trial judge’s determination which is to be accorded great weight and will not be disturbed on appeal unless the evidence reveals an abuse of discretion. State v. Bickham, 404 So.2d 929 (La. 1981). This assignment is without merit.
By his second assignment defendant makes a second attack on the trial court’s denial of his motion to suppress his identification on the theory that the in court identification by the cashier was unreliable.
The factors to be considered in evaluating this assignment are the opportunity of the witness to view the criminal at the time of the crime, the witness’s degree of attention at the time, the accuracy of the description furnished by the witness, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). The cashier observed the defendant for several minutes through the store front windows before he came in, for several minutes while he was in the store picking out items supposedly to purchase, and then at the counter just before and during the robbery. Defendant’s argument that her fear prevented her from focusing her attention upon him is not borne out by the record because she had already closely observed him before she became afraid when he pulled the knife. While defendant is correct in that there are some minor inaccuracies and discrepancies in the description she gave the police, the description was reasonably accurate and sufficient to meet the Biggers test.
Defendant’s arguments for this assignment are especially unpersuasive considering that when she identified him in court the cashier had seen his photograph taken by the hidden camera. The quality of this picture is so high that an accurate identification of defendant in court was inevitable. This assignment lacks merit.
At the hearing on the motion to suppress only the cashier’s identification of defendant from the photographic lineup was placed at issue. When the state called Dorothy Holmes as a witness at the trial and she identified defendant as the robber, defendant moved for a mistrial on the ground that the state had failed to disclose its intention to call her. By his third assignment of error defendant contends that the trial court erred in failing to grant his motion to suppress which was based on C.Cr.P. art. 775(3), the existence of “a legal defect in the proceedings which would *735 make any judgment entered upon a verdict reversible as a matter of law.” Since Holmes did not make a pretrial identification of defendant her identification of him at the trial did not entitle defendant to a mistrial. State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir.1983). Defendant also argues that the state breached the continuing duty imposed upon it by C.Cr.P. art. 729.3 to disclose to him its intention to use Holmes as a witness but this article did not apply in the absence of a motion by defendant under art. 729. This assignment is meritless.
By his last assignment defendant contends that his confessions or admissions against interest were improperly used against him because the state failed to show they were made voluntarily and without improper influence or inducement. The two police officers testified they advised defendant of his Miranda rights, no force, threats or promises were made, and he freely and voluntarily made the statements. Defendant’s argument that the trial judge at the motion to suppress and the jury at trial were bound to take defendant’s mother’s word that the police beat him up over the word of the policemen is without merit. State v. Price, 482 So.2d 135 (La.App. 4th Cir.1986).
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.