547 So.2d 749 (1989)
STATE of Louisiana
v.
John B. RICHARDSON.
No. 88-KA-2396.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1989.
John F. Rowley, Dist. Atty., Glenn E. Diaz and Walker H. Drake, Jr., Asst. Dist. Attys., Chalmette, for state.
Gregory S. Duhy, Indigent Defenders Bd., Chalmette, for defendant.
Before GARRISON, PLOTKIN and BECKER, JJ.
PLOTKIN, Judge.
The defendant-appellant, John B. Richardson, appeals a jury verdict, finding him guilty of simple burglary of an inhabited dwelling, assigning as error insufficient evidence to support the verdict and lack of specific intent. We affirm the conviction.
*750 FACTS
On January 28, 1988, at approximately twelve noon, Linda Mumphrey was in the back room of her home at 2005 Mumphrey St., Chalmette, Louisiana. She heard noise outside, looked out and observed two black men attempting to enter the side door of 2009 Mumphrey Street, the next house. She watched them remove a screen from a window frame and unsuccessfully try to open a window. She called the police, then returned to watch the defendants' activities. Returning to her bedroom window, she observed the men unsuccessfully attempt to kick the side door open. Thereafter, the men went to the rear of the house where she could not see them; then she heard a crash. Immediately afterwards, she saw one of the men inside the house passing a kitchen window. Thereafter, that man apparently opened the rear door for the other man to enter. When she saw both males in the house, she called the police a second time.
Mumphrey identified both men by their clothing, height and facial composition. She testified that the taller male, Keith Tyler, was wearing a beige windbreaker. The shorter male, defendant Richardson, was wearing a white T-shirt or sweatshirt and was the person she saw in the kitchen, who let the other man into the house. She identified the defendant as the burglar both at the scene and in court.
Sergeants Saizan and Jackson and Officer Martina responded to Ms. Mumphrey's telephone call. Jackson went to the right rear and Saizan and Martina to the left rear of the house. Jackson yelled that someone jumped the fence. Martina ran to Charles Street, the street next to Mumphrey Street, and observed the defendant exit from the backyard of the house behind 2009 Mumphrey St. and walk up Charles Street. He yelled "Stop, Police," but the defendant continued walking. Martina pursued the defendant and apprehended him with the assistance of Officer Duran, who was then proceeding toward the defendant on Charles Street. The defendant was returned to the scene and identified by Mumphrey.
Willie Sam Bozeman, the owner and occupier of 2009 Mumphrey Street, testified that while he was at work he received a phone call from the Sheriff's office and returned home. He testified that the side door was partially opened, the bottom of his freshly painted door was marked with foot prints, the kitchen window screen was pried open and was ajar and a side window unit was torn from its mount and lying upside down on the lawn. Inside the house, the bedroom closet was open, personal items were strewn across the bed, a dining room chair was turned over in the kitchen, and a leather coat, previously in the bedroom closet, was on the kitchen floor. Nothing was missing when he arrived, although his home, both inside and outside, had not been in the above condition when he left that morning. He also stated that he had not given the defendant permission to enter his home.
We have reviewed the record for errors patent and find none.
INSUFFICIENT EVIDENCE
The defendant contends that there was insufficient evidence to convict him of simple burglary of an inhabited dwelling under LSA-R.S. 14:62.2, which reads as follows.
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.
The Due Process Clause of the Fourteenth Amendment protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime he is charged with. State v. Mussall, 523 So.2d 1305, 1308 (La.1988). The accepted standard of appellate review is whether the *751 evidence viewed in light most favorable to the prosecution was sufficient to convince a rational trier of fact that all the elements of a crime had been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court must consider not only the evidence most favorable to the prosecution, but also the entire record since a rational trier of fact would do the same. Mussall, supra, at 1310. The standard does not require the court to determine whether it believes the evidence at trial proves guilt beyond a reasonable doubt, but rather whether any rational trier of fact interpreting all of the evidence could have found the elements beyond a reasonable doubt. Id. at 1309.
There are three essential elements to this crime: (1) Unauthorized entry (2) of an inhabited dwelling, (3) with the intent to commit a felony or theft therein. (The defendant does not contest elements 1 or 2.) The defendant contends that the only witness, Ms. Mumphrey, failed to establish either that she witnessed the defendant enter or exit the residence, nor that she observed the face of the defendant and knows that he was the same individual who opened the rear door from the inside. He claims that she proved only that she saw him outside the structure.
Bozeman testified that the entry into his permanent inhabited dwelling was unauthorized. This is corroborated by physical evidence of forceful methods, such as, evidence that the door had been kicked as well as the fact that the window screen and air conditioning unit had been removed.
As to the sufficiency of the identification by Ms. Mumphrey, there is nothing in her testimony which would indicate that her identification of the defendant was unreliable. Ms. Mumphrey observed the defendant and his accomplice attempting to break into Bozeman's home. She saw them at the side door and inside the house. Although she saw him only for a brief period inside the house and she admitted that she did not see his face at that point, it is reasonable to assume that her identification was reliable since the person she saw inside the house was of a similar height and wearing similar clothes to the man she had just seen attempting to break into the home.
The defendant claims that he was wearing a hat when arrested and that he had distinguishing facial tatoos, which were not mentioned in Mumphrey's testimony. The defendant could have put on a hat to conceal his identity when he fled the Bozeman house. The small facial tatoos would not be apparent, on a black male, at a distance.
Ms. Mumphrey's testimony is also reliable as to the identity of the defendant. Factors that are considered in determining the reliability of an identification include: the opportunity of the witness to view the defendant at the time of the crime, the witness' degree of attention, the accuracy of the witness' description, the level of certainty demonstrated by the witness, and the length of time between the crime and the confrontation. State v. Davis, 385 So.2d 193, 199 (La.1980); State v. Larose, 510 So.2d 732, 734 (La.App. 4th Cir.1987), writ denied 516 So.2d 129 (La.1987).
Reviewing the evidence, in the light most favorable to the prosecution, a rational trier of fact, the jury, could have concluded that the identification of the defendant was reliable. Ms. Mumphrey had ample opportunity to view the defendant. Her attention was directed solely upon the two men who were behaving suspiciously, except when she called the police. Her discription was fairly accurate, and she positively identified the defendant immediately following his arrest, shortly after the burglary.
This assignment of error is without merit.

LACK OF INTENT TO COMMIT A THEFT OR FELONY
The defendant also contends that there is insufficient evidence to prove that he entered the home with the intent to commit a felony or theft inside.
Specific criminal intent is an essential element of the crime of simple burglary of an inhabited dwelling. State v. Perkins, 450 So.2d 396 (La.App. 1st Cir. 1984), writ denied 452 So.2d 694 (La.1984).
*752 According to LSA-R.S. 14:10 specific criminal intent is that state of mind which exists when the offender actively desires prescribed criminal consequences to follow his act or failure to act. Intent, however, is a state of mind that need not be proven since it can be inferred from facts, acts and circumstances. Id. at 398; State v. Pike, 426 So.2d 1329, 1333 (La.1983); State v. Fuller, 414 So.2d 306, 310 (La.1982).
Circumstantial evidence is the facts and circumstances from which one may infer or conclude the existence of other connected facts. State v. Shapiro, 431 So.2d 372, 378 (La.1982). When circumstantial evidence forms some basis of a conviction, this evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Hall, 524 So.2d 179, 180 (La.App. 4th Cir.1988), writ denied 531 So.2d 264 (La.1988). Both circumstantial and direct evidence must meet the beyond-a-reasonable-doubt standard. Id. at 181. According to LSA-R.S. 15:438, when circumstantial evidence is used to convict, every reasonable hypothesis of innocence must be excluded. State v. Johnson, 438 So.2d 1091, 1103 (La.1983).
The physical evidence inside the house indicates an intent to commit a theft. The physical damage to the window, door and air conditioning unit imply an unauthorized entry. The disarray of Bozeman's personal possessions and the movement of his leather coat from the bedroom closet to the kitchen floor connote inspection and examination of his property prior to actual removal from the dwelling. The only rational interpretation is that the defendant broke into the Bozeman home to steal his property, i.e. to commit a theft. There is no basis for a reasonable hypothesis of innocence, namely that they entered the house mistakenly or negligently.
Therefore, reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the defendant possessed the necessary specific intent to commit a felony or theft inside the dwelling. State v. Pike, 426 So.2d 1329 (La.1983); State v. Marcello, 385 So.2d 244 (La.1980).
This assignment of error is also without merit.
The conviction and sentence is affirmed.