568 So.2d 576 (1990)
STATE of Louisiana
v.
Eldridge FREY and Darrel J. Smoot.
No. 88-KA-2467.
Court of Appeal of Louisiana, Fourth Circuit.
September 25, 1990.
Writ Denied January 18, 1991.
*577 Harry F. Connick, Dist. Atty., Brian T. Treacy and Charmagne Padua, Asst. Dist. Attys., New Orleans, for plaintiff/appellee.
Archie B. Creech, New Orleans, and M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendants/appellants.
Before GARRISON, KLEES and CIACCIO, JJ.
GARRISON, Judge.
Darrel Smoot and Eldridge Frey were found guilty as charged of distribution of heroin. Darrel Smoot was sentenced to life imprisonment for distribution of heroin and fifty years at hard labor for attempted distribution of heroin. Eldridge Frey was sentenced to life imprisonment. The sentences are to be served without benefit of probation or suspension of sentence. Both defendants have appealed. Mr. Frey has alleged eight assignments of error. Mr. Smoot asks only for a review of errors patent.
The offenses in this appeal were committed and discovered during an undercover narcotics operation which targeted street drug dealers in the areas of the Calliope and Melpomene housing projects. The defendants, both separately and in tandem, sold heroin to New Orleans city police officers several times each in or directly outside of an establishment known as the Rose Tavern.
Mr. Smoot was convicted of attempted distribution of heroin and sentenced to fifty years at hard labor without benefit of probation or suspension of sentence. R.S. 14:27 does not disallow a defendant probation or suspension of sentence. Therefore, that portion of Mr. Smoot's sentence denying him these benefits should be deleted. State v. Monroe, 508 So.2d 910 (La.App. 4th Cir.1987).
Mr. Frey's assignments of error are as follows. In his first, sixth, and seventh assignments of error the defendant contends that the court erred in denying his motions to quash, for a new trial, and in arrest of judgment because LSA R.S. 40:966 B(1) is unconstitutional. Assignment of error number eight asserts that the sentence is unconstitutionally excessive. In support of the argument of unconstitutionality, the defense argues that the sentence constitutes cruel and unusual punishment as it is grossly disproportionate to sentences for distribution of other narcotics and disproportionate to the social problem that heroin distribution presents.
This court has held that the life imprisonment without benefit of probation or suspension of sentence does not constitute cruel and unusual punishment. State v. Lard, 459 So.2d 1189 (La.App. 4th Cir.1984), writ denied, 464 So.2d 1376 (4th Cir.1984). These assignments are without merit.
In the third assignment of error, the defense contends that the trial court erred in allowing the state to challenge for cause all jurors who stated that they could not consider a verdict of guilty due to the mandatory life sentence involved. LSA C.Cr.P. art. 798 provides for such challenges and reads in pertinent part:
It is good cause for challenge on the part of the state ... that:
(1) The juror is biased against the enforcement of the statute charged to have been violated, or is of the firm opinion that the statute is invalid or unconstitutional.
Thus, this assignment is also without merit.
The second assignment alleges that the trial court erred denying the defense's pre-trial discovery Motion for Disclosure of Impeaching Information. The information sought was the criminal and personal record of State witness, NOPD Officer Landry. The defendant is not entitled to such information for impeachment purposes. LSA-C.Cr.P. arts. 716, et seq.
In the fourth assignment of error the defense contends that the trial court *578 erred in failing to declare a mistrial when a state witness allegedly referred to other crimes committed by the defendant as prohibited in C.Cr.P. art. 770.
C.Cr.P. art 770 requires mistrial only where the offensive reference is made by a judge, district attorney or court official. It is not applicable in the case at hand. A review of the remarks in question do not reveal "unambiguous reference" to other crimes. State v. Hayes, 414 So.2d 717 (La. 1982). Accordingly, the trial court was not in error.
The defense in its fifth assignment of error asserts that the trial court erred in allowing State Exhibits # 3 and # 4, (the heroin allegedly sold by the defendant), as the State failed to lay a proper foundation for the introduction.
To introduce demonstrative evidence a foundation be laid to show that it is more probable than not that the object introduced is the same one originally seized by the officer. It is not necessary to establish a continuous chain custody. A defect in the chain of custody goes to the weight of the evidence rather than to the admissibility of the evidence. State v. Price, 482 So.2d 135 (La.App. 4th Cir.1986). In this case, Officer Landry testified that, once he seized the heroin from the defendant he placed it into an envelope which was then sealed and placed into the Central Evidence vault where it remained until the crime lab could analyze it. Each envelope was given an item number and was dated and initialed by Landry. Landry identified each envelope at trial. Officer Daniel Waguespack from the crime lab received from Central Property the sealed envelope containing the heroin seized. He identified each envelope at trial. These facts are sufficient to show, more probably than not, that the heroin seized from Mr. Frey on January 22, 1988 and February 4, 1988 is the same evidence introduced on State Exhibits Nos. 3 and 4 at trial. Therefore, the defense claim is meritless.
Based on the aforementioned reasons, we affirm the defendants' convictions and sentences deleting that portion of defendant Smooth's sentence for attempted distribution of heroin requiring that the sentence be served without benefit of probation or suspension of sentence.
AMENDED AND AFFIRMED.