1 .BYRNES, Judge.
Herbert Foster appeals his conviction for simple burglary in violation of La.R.S. 14:62. We affirm.
In the early morning hours of March 24, 1990, Charlie Johnson, a security guard at the Meridien Hotel in New Orleans, was advised by two of the hotel’s guests that someone was trying to break into a car near the hotel’s receiving area. Mr. Johnson looked out of a nearby door and saw a man “working on” the driver’s side window of a white Volvo. After asking the hotel operator to call the police, the guard went outside and observed the defendant using a screwdriver to pry open the driver’s side window. John *1290 son approached the car after the window had been broken, and the door was opened. He asked if there was a problem. The defendant said he lost his keys, and then put two pairs of tennis shoes on the back of the car. Johnson noted a yellow-handled screwdriver was inside one of the shoes. Two French Quarter police officers appeared and detained the defendant until a First District unit took him and the evidence into custody. The defendant was arrested and booked, giving his address as 2325 Gravier Street in |2New Orleans. However, he was released from custody without bail under an Orleans Parish Prison population control order.
The defendant was initially charged with attempted simple burglary by bill of information dated May 3, 1990, and a capias was issued. Arraignment was set for May 14, and a notice to that effect was sent to the Criminal Sheriffs office for service on the defendant. Although the return showed domiciliary service had been made at 2325 Gra-vier on May 10, 1990, the defendant failed to appear for arraignment. The trial court ordered an alias capias issued, and set a bond at $20,000.
On October 4, 1993, the defendant was arrested in the 2300 block of Gravier Street on other charges, and the outstanding burglary warrant was noted. After his arraignment the defendant posted a surety bond and was released, giving his address as 2325 Gra-vier Street.
The defendant moved to quash the prosecution because more than two years had elapsed since the bill of information was filed. The trial court granted the defendant’s motion to quash; however, this court reversed on the State’s application for writs. State v. Foster, unpub., 93-K-2113 (La.App. 4 Cir. 4/6/94). After the State amended the charge to simple burglary, the defendant was found guilty as charged after a jury trial, and he was sentenced as a multiple offender to forty months at hard labor. His appeal followed.
The defendant contends that the State failed to prove that he had been properly notified of his arraignment and that the State failed to provide sufficient evidence to show an interruption of the two-year time limit for prosecution under La.C.C.P. art. 578. This court previously reviewed this issue, granted the State’s | ^application for writs, reversed the trial court’s ruling, and denied the defendant’s motion to quash.
Generally, an appellate court will not review issues previously considered under its exercise of supervisory jurisdiction where' no new evidence or argument is presented on appeal. State v. Johnson, 438 So.2d 1091, 1105 (La.1983). While a different decision on appeal is not absolutely precluded, great deference is given to pretrial decisions. State v. Joseph, 573 So.2d 1248, 1252 (La.App. 4 Cir.1991), writ denied 577 So.2d 31 (La.1991). The defendant has not presented any additional evidence. Domiciliary service was initiated at 2325 Gravier Street, which was the address given by the defendant, who failed to appear pursuant to that notice. The defendant did not appear until he was arrested and required to post a $20,000 bond after his arraignment. At that time the defendant again gave his address at 2325 Gravier Street. The period of limitation under La.C.Cr.P. art. 579 A is interrupted when the defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record. This court properly found that the defendant’s actions interrupted the time limitation for prosecution because the defendant failed to appear although he was notified at his stated address, proof of which was in evidence. The court issued a capias for his arrest. The State was unable to try the defendant within the period specified by statute through no fault of its own so that the period for prescription was interrupted.
The defendant also argues that the trial court erred in placing the screwdriver and its evidence tag into evidence because the State failed to lay the proper foundation linking them to the offense and establishing a chain of custody.
|4To introduce demonstrative evidence, a foundation must be laid to show that *1291 it is more probable than not that the object introduced is the same one originally seized, but it is not necessary to establish a continuous chain of custody. State v. Frey, 568 So.2d 576, 578 (La.App. 4 Cir.1990), writ denied, 573 So.2d 1118 (La.1991). A defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. Id.
Testimony at trial established that it was more probable than not that the screwdriver admitted into evidence was the same one that Mr. Johnson saw being used to break into the ear. Mr. Johnson testified that he did not touch the screwdriver after finding it inside the tennis shoe, and Officer Abreaee Daniel testified that he took the tennis shoe and screwdriver from the officers who had initially detained the defendant. Officer Daniel further testified that he turned the screwdriver in as evidence and that his name appeared on the evidence tag as one of the officers who logged it in. The State laid a proper foundation for the introduction of both items into evidence.
The record reveals an error patent regarding the defendant’s sentence of forty months at hard labor as a second felony offender. Under La.R.S. 15:529.1(A)(l)(a), the defendant should have received a sentence of no less than one-half the longest possible sentence for simple burglary. Since the maximum sentence for that crime is twelve years under La.R.S. 14:62, the minimum sentence the defendant should have received as a second offender was six years. However, because the State did not raise the issue on appeal, the sentence cannot be vacated. State v. Fraser, 484 So.2d 122 (La.1986); State v. Johnson, 94-1170 (La.App. 4 Cir. 8/23/95), 660 So.2d 942.
1 {Accordingly, the defendant’s conviction and sentence are affirmed.
Affirmed
MURRAY, J., dissents.