646 So.2d 489 (1994)
STATE of Louisiana
v.
Tyrone T. MANUEL.
Nos. 94-KA-0087, 94-KA-0088.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
*490 Richard P. Ieyoub, Atty. Gen., Darryl W. Bubrig, Sr., Dist. Atty., Pointe-a-la-Hache, and Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for appellee.
Timon Webre, Pointe-a-la-Hache, for appellant.
Before SCHOTT, C.J., and BYRNES and WALTZER, JJ.
BYRNES, Judge.
Tyrone Manuel appeals his conviction for distributing cocaine and his subsequent conviction as a second offender for which he was sentenced to fifteen years at hard labor. We affirm.
In January 1992, Deputy Charles Adams, Jr., of the Plaquemines Parish Sheriff's Office was involved in an undercover narcotics surveillance operation in the Oakville area. After Adams realized that he was not being accepted into the community, he sought the help of his cousin Judy Dupont as a confidential informant. Dupont who was employed at a local convenience store, had assisted him in over sixty cases with over twenty-five arrests being made.
On the evening of January 18, 1992, Dupont was at her home when Ronald LaFrance, also known as Dickie, came to see if she wanted any cocaine. Dupont said she could get some money in an hour. Dickie told her that later he would be at home on East Oakville. Dupont contacted Deputy Adams who followed her in an unmarked vehicle to East Oakville. Before they reached Dickie's house, Dupont was flagged down by the defendant who asked her if she was interested in purchasing rocks. She responded that she was looking for Dickie, and he informed her that he was Tyrone Manuel and Dickie was his uncle. Dupont and Manual drove to Dickie's house where Manuel took forty dollars from Dupont and went to the front door of Dickie's house. Dupont *491 saw Manuel give Dickie the forty dollars, and Dickie give Manuel two rocks. Manuel then returned to the car and gave the rocks to Dupont. Dupont drove Manuel to his house and then met with Deputy Adams who had been approximately one block behind Dupont and was able to see the entire transaction with surveillance binoculars. The two rocks later tested positive for cocaine.
After the defendant was arrested and charged, he entered a plea of not guilty. Following the court's denial of his motion to suppress, the defendant was found guilty of distribution of cocaine in a jury trial on April 27, 1993 and was sentenced to ten years at hard labor. Subsequently, that sentence was vacated after the court found that the defendant was a second offender, and he was sentenced to fifteen years at hard labor. His appeals of both convictions were consolidated.
Defendant contends that the trial court erred in: (1) allowing the introduction of evidence of other crimes; and (2) ruling that a confidential informant could not be cross-examined about alleged criminal activity.
Defendant contends that the trial court erred in allowing the State to introduce other crimes evidence through the testimony of Deputy Adams. The particular response in question came after the district attorney asked Deputy Adams if "he knew Mr. Manuel prior to that date." Adams responded that "he had identified him as one of the drug dealers in the area during surveillance." The defendant objected, asserting that this statement is highly prejudicial and warranted a mistrial or at least the right to an admonishment.
LSA-C.Cr.P. 770 mandates a mistrial whenever the judge, district attorney, or a court official during trial or in argument refers to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. However, a police officer is not a "court official" under Article 770. State v. Harper, 430 So.2d 627 (La.1983); State v. Torres, 580 So.2d 1064 (La.App. 4th Cir.1991). In the case of a police officer, Article 771[1] applies rather than Article 770.
The decision to grant a mistrial is discretionary and is appropriate only when an admonishment cannot cure the error. State v. Goods, 403 So.2d 1205 (La.1981). A mistrial is a drastic remedy warranted only when an error at trial results in substantial prejudice to the defendant which effectively deprives him of a fair trial. State v. Edwards, 420 So.2d 663 (La.1982). The trial court's ruling on whether or not to grant a mistrial for a comment made by a police officer referring to other crimes evidence should not be upset absent a clear abuse of discretion. State v. Nuccio, 454 So.2d 93 (La.1984). Errors are harmless unless the reviewing court is thoroughly convinced that the remarks inflamed the jury and contributed to the verdict. State v. Byrne, 483 So.2d 564 (La.1986), certiorari denied, 479 U.S. 870, 107 S.Ct. 243, 93 L.Ed.2d 168 (1986). In the present case, Deputy Adams' comment was not so prejudicial as to effectively deprive Manuel of a fair trial where the State presented direct evidence of Manuel's guilt including the testimony of two eyewitnesses. We cannot find a clear abuse of the trial court's discretion in denying the defendant's motion for mistrial.
Further, an admonishment under Article 771 is not necessary unless the remark constitutes an unambiguous reference to other crimes. State v. Hayes, 414 So.2d 717 (LA 1982); State v. Walker, 593 So.2d 818 *492 (La.App. 4th Cir.1992). In State v. Colbert, 615 So.2d 32 (La.App. 3rd Cir.1993), where a police officer commented that the defendant was involved in selling drugs, the court held that such vague, nonspecific testimony does not constitute other crimes evidence. Deputy Adams provided general background testimony on the events leading up to the defendant's arrest. He did not give any specific facts concerning prior arrests or criminal activity by the defendant. Because the remarks did not constitute an unambiguous reference to other crimes, the trial court did not err by failing to give an admonishment to the jury.
Defendant also contends that the trial court erred when his counsel was prevented from questioning the confidential informant, Dupont, about an alleged theft of money from her employer and asking her employer about the theft and alleged drug use.
LSA-C.E. Art. 607 provides that extrinsic evidence, including inconsistent statements and evidence contradicting the witness' testimony, is admissible solely to attack the credibility of the witness. However, the trial court may exclude such testimony if the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice. LSA-C.E. Art. 607(D)(2).
A witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue merely for the purpose of contradicting him by other evidence. State v. Cappo, 345 So.2d 443 (La.1977); State v. Martin, 310 So.2d 544 (La.1975). This rule is designed to avoid unnecessarily prolonged trials and confusion of the issues by extended inquiries into extraneous matters. State v. Martin, 310 So.2d 544 (La. 1975). A witness' corruption may be evinced by conduct indicating a general scheme to make false claims or charges. State v. Foster, 95 So. 536 (La.1923).
In the present case, the defendant failed to show how Dupont's alleged theft is part of a scheme to make false claims or charges. This line of testimony is exactly the type of extraneous inquiry that LSA-C.E. Art. 607 attempts to prevent. By disallowing evidence of Dupont's alleged theft, the trial court prevented a likely mini-trial by the prosecution and defense as to whether or not a theft occurred. The trial court exercised its discretion to find that this evidence would confuse the issues at trial and would lead to the undue consumption of time.
LSA-C.Cr.P. Art. 921 provides that "a judgement or ruling shall not be reversed by an appellate court because of any defect, error, irregularity, or variance which does not effect the substantial rights of the accused." The standard for reversal as set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and adopted by this state in State v. Gibson, 391 So.2d 421 (La.1980), is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. Ms. Dupont disclosed to the jury that she was receiving compensation for her testimony and the fact that in the past she had used drugs. Furthermore, Dupont's employer, Williams, testified that she believed that Dupont used drugs. The jury had this information before it when it chose to believe Dupont's testimony and Adams' corroboration of that testimony in convicting the defendant. Any error in limiting the defendant's line of questioning was harmless.
Accordingly, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] That article provides:

Art. 771. Admonition
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than a judge, district attorney, or court official, regardless of whether the comment or remark is within the scope of article 770.