STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-576


STATE OF LOUISIANA

VERSUS

RODNEY IAN BARNES


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C 16783
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.


Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, Louisiana 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
    Rodney Ian Barnes

**Van Kyzar**
**District Attorney—Tenth Judicial District**
**Charles W. Seaman**
**Assistant District Attorney**
**Post Office Box 838**
**Natchitoches, Louisiana  71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Rodney Ian Barnes, appeals his second degree murder conviction, alleging that the trial court erred in denying his motion for new trial. For the following reasons, we affirm Defendant's conviction.

## FACTUAL AND PROCEDURAL HISTORY

During a domestic argument, Defendant shot his girlfriend, Chackawanda Beard, in the presence of her two teenage daughters. She died as a result of the gunshot wound.

Defendant was charged with the second degree murder of Ms. Beard on July 29, 2010. He was originally tried for the shooting death of the victim in March 2011, and was found guilty of second degree murder; however, in *State v. Barnes*, 11-1242 (La.App. 3 Cir. 5/2/12), 93 So.3d 666, this court vacated the conviction and sentence and remanded the matter to the trial court for a new trial. Subsequent thereto, a jury trial commenced on September 18, 2012, following which the jury found Defendant guilty as charged by an unanimous verdict. Defendant filed a "MOTION FOR NEW TRIAL PURSUANT TO LA CCP 851" on September 26, 2012. A hearing was held on October 24, 2012, following which the trial court denied the motion in open court. On November 28, 2012, Defendant was sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence. Defendant has timely perfected an appeal.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant alleges that the trial court erred in denying his motion for new trial. In his motion, Defendant alleged that the prosecutor "improperly placed into the potential jury's mind the fact that the defendant was in jail at the time of his trial."

During *voir dire*, when asked by the trial court if any of the prospective jurors knew Defendant, one of the jurors answered that he knew both Defendant and his attorney, Jason Methvin. When asked how he knew Defendant, the prospective juror answered, "Uh, did time." Later, the prosecutor, Lala Sylvester, asked, "Mr. Wilson, number 5 on the front row please. Uh, Mr. Wilson[,] you had stated that you knew Mr. Barnes because ya'll were incarcerated together?" Mr. Wilson answered affirmatively. Defense counsel then objected, and a bench conference was conducted. Following the bench conference, the State continued questioning potential jurors.

At the hearing on Defendant's motion for a new trial, Defendant's counsel argued:

> Uh, during that trial, Your Honor, with the second [sic] grounds for the new trial is that injustice was caused by the trial [sic] when the State had in fact solicited from a potential juror that he in fact had spent time in jail with Mr. Barnes. At that time, I did a contemporaneous objection. Uh, I believe the . . . contemporaneous objection and a move [sic] for a mistrial, based upon the fact that such a remark was at least an indirect comment, uh, as to the . . . Mr. Barnes' other crimes, because it did not specifically state that he was being held in jail for this particular crime or for another one.

The State responded: "[T]he comment that was made was . . . I understand you said that you knew Mr. Barnes in jail. It did not say, Mr. Barnes is in jail at this particular time. And the prospective juror had already said that to everyone in the courtroom." The trial court concluded:

2

I remember Ms. Sylvester's comment during voir dire whenever a juror said something like, you were in jail together or incarcerated at the same time, or at least it was said, and Mr. Methvin made his timely objection. And I felt the comment was so vague and so general that it was not prejudicial. In fact, it's probably safe for a prospective juror or a jury to assume that if someone is arrested for murder they are going to be incarcerated at some time anyway when they are arrested, at the time of their arrest. And there was no time reference as to when this occurred. And so, it really wasn't specific at all. We had a brief discussion about it as to whether there should be an admonition or anything like that. And my recollection was, Mr. Methvin, that we agreed that we shouldn't admonish the jury about it or . . . I denied in mistrial [sic]. And we decided not to do an admonishment, because we didn't want to raise the issue anymore. So, I don't find grounds there for a new trial. And so it's denied . . . a mistrial.

In brief, Defendant argues that a mistrial should have been granted pursuant to La.Code Crim.P. art. 770. Louisiana Code of Criminal Procedure Article 770, in pertinent part, provides:

> Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during trial or in argument, refers directly or indirectly to:
>
> . . . .
>
> (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
>
> . . . .
>
> An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

Defendant contends that the comment severely prejudiced him as it portrayed him as a repeat offender. Defendant argues that the reference was not harmless error. However, it is well established jurisprudence in Louisiana that inadmissible other-crimes evidence is subject to a harmless error analysis. In *State*

*v. Peloquin*, 04-667, pp. 5-6 (La.App. 3 Cir. 11/17/04), 888 So.2d 393, 397, *writ denied*, 04-3170 (La. 4/8/05), 898 So.2d 1280, this court discussed harmless error in the context of inadmissible other-crimes evidence, as follows:

> In *State v. Johnson*, 94-1379 (La.11/27/95), 664 So.2d 94, the trial court erroneously admitted other crimes evidence introduced by the State to attack the credibility of the defendant under La.Code Evid. art. 609.1. In *Johnson*, the supreme court held "that the introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis." *Id*. at 102. In its ruling, the supreme court set out the following regarding the harmless error analysis:
>
>> The history of Louisiana's harmless error rule makes clear that there has been one common directive: appellate courts should not reverse convictions for errors unless the accused's substantial rights have been violated. This comports with the general theory that "appeals in criminal cases are not granted merely to test the correctness of the trial court's ruling, but only to rectify injuries caused thereby." *State v. Saia*, 212 La. 868, 876, 33 So.2d 665, 668 (1947), citing *State v. Cullens*, 168 La. 976, 123 So. 645, 648 (1929).
>>
>> This Court adopted the federal test for harmless error announced in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), as a practical guide for determining whether substantial rights of the accused have been violated. *See State v. Gibson*, 391 So.2d 421 (La.1980). *Chapman* tests whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24, 87 S.Ct. at 828. An error did not "contribute" to the verdict when the erroneous trial feature is unimportant in relation to everything else the jury considered on the issue. *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991), *overruled as to standard of review for erroneous jury instructions in Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
>>
>> *Chapman* was refined in *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The *Sullivan* inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Id.*, 508 U.S. at 279, 113 S.Ct. at 2081. This Court adopted

4

> the *Sullivan* refinement of *Chapman*. *See State v. Code*,
> 627 So.2d [1373,] 1384; *State v. Bourque*, 622 So.2d
> [198,] 241 fn. 20.

*Id*. at 100.

Finally, in *State v. Chairs*, 99-2908, pp. 5-6 (La.App. 4 Cir. 2/7/01), 780 So.2d 1088, 1093, *writ denied*, 01-892 (La. 2/1/02), 808 So.2d 333 (alteration in original), the fourth circuit noted:

> A mistrial is warranted under La.C.Cr.P. art. 770 when certain remarks are considered so prejudicial and potentially damaging to a defendant's rights that even a jury admonition cannot provide a cure. *State v. Johnson*, 94-1379, p. 16 (La.11/27/95), 664 So.2d 94, 101. Potentially damaging remarks include direct or indirect references to another crime committed or alleged to have been committed by the defendant, unless that evidence is otherwise admissible. La.C.Cr.P. art. 770(2). The comment must be within earshot of the jury and must be made by a judge, district attorney, or other court official. *Id.* A comment must be viewed in light of the context in which it is made and the comment must not arguably point to a prior crime and must unmistakably point to evidence of another crime. *State v. Edwards*, 97-1797, p. 20 (La.7/2/99), 750 So.2d 893, 906, *cert. denied*, 528 U.S. 1026, 120 S.Ct. 542, 145 L.Ed.2d 421 (1999). In addition, the imputation must unambiguously point to the defendant; and[,] the defendant bears the burden of proving that a mistrial is warranted. *Id.* If the elements of Article 770 have not been satisfied, the decision on the motion for mistrial is governed by La.C.Cr.P. art. 771. The determination of whether a mistrial is warranted under the circumstances is within the sound discretion of the trial judge. *Id.* at p. 24, 750 So.2d at 908. Under Article 771, the trial court can grant a mistrial if an admonition is not sufficient to assure the defendant of a fair trial when a remark or comment made by the judge is not within the scope of Article 770. A mistrial is warranted if substantial prejudice will deprive the defendant of a fair trial. *State v. Manuel*, 94-0087, 94-0088, p. 4 (La.App. 4 Cir. 11/30/94), 646 So.2d 489, 491.

> "Arguably, the reference to the Defendant [having an alias] may be a reference to another crime, wrong or bad act, but in order for such a reference to mandate a mistrial, there must be a distinct or recognizable reference to another crime alleged to have been committed by the defendant." *State v. Chambers*, 99-679 (La.App. 3 Cir. 1/19/00), 758 So.2d 231, *writ denied*, 2000-0551 (La.9/22/00), 768 So.2d 600.

In the instant case, Defendant has failed to show that there was substantial prejudice that deprived him of a fair trial. As noted in *Chairs*, the offending remark must unmistakably point to evidence of another crime. Also, as argued by the State at the hearing on Defendant's motion for a new trial, the prospective jurors could have reasonably concluded that Defendant was in jail because of the crime for which he was currently accused. Finally, the evidence in this case was overwhelming. The victim's two teenage daughters witnessed the shooting. They described how he tossed their mother onto the bed and then, holding a gun to her neck, gave her to the count of five to get up. When she did not, he shot her point blank. Furthermore, although he claimed that the gun accidently discharged when he hit her with it, he confessed that he shot her during a domestic fight.

We find that the error was "surely unattributable" to the verdict and that the trial court did not abuse its discretion when it denied Defendant's motion for a new trial. There is no merit to this assignment of error.

## DISPOSITION

We affirm Defendant's conviction of second degree murder.

**AFFIRMED.**