841 So.2d 80 (2003)
STATE of Louisiana
v.
Sherlita HOLMES.
No. 2002-KA-2263.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 2003.
*81 Eddie J. Jordan, Jr., District Attorney, Leslie Parker Tullier, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, and Judge MAX N. TOBIAS JR.).
CHARLES R. JONES, Judge.
Sherlita Holmes appeals her conviction and sentence for attempted possession of cocaine as a third felony offender. She was sentenced to twenty months imprisonment without the benefit of parole, probation or suspension of sentence. We affirm.
The State filed a bill of information charging Holmes with one count of possession of cocaine, a violation of La. R.S. 40:967(C). She was sentenced as a third felony offender, a violation of La. R.S. 15:529.1. Trial occurred before a six-person jury which returned a responsive verdict of guilty of attempted possession of cocaine. The district court sentenced Holmes to serve twenty months at hard labor. The State filed a multiple bill, charging her as a third offender. At the multiple bill hearing, the district court found her to be a multiple offender, vacated *82 the original sentence, and resentenced her to twenty months at hard labor. This timely appeal followed.
Officers Michael Washington and Octavio Baldassaro, testified that they were assigned to the Fourth District of the New Orleans Police Department on March 2, 2002, and were patrolling in a marked unit in the Fischer Housing Development when they observed a vehicle with no visible license plate. They testified that the car was occupied by four persons; Holmes was a passenger in the back seat on the driver's side. The officers elected to conduct a traffic stop based on their inability to observe a license plate. Officer Baldassaro testified that as he exited the vehicle he saw Holmes throw an object out of the window onto the ground. He immediately retrieved the object, which did not have any debris on it, and saw that it was a clear, plastic bag containing what appeared to be powdered cocaine. Holmes was then arrested.
Officer Washington testified that he did not see Holmes throw anything out of the window because he was focused on approaching the passenger side of the stopped vehicle. He was particularly focused on the passenger in the front-seat because that passenger had been looking over his shoulder nervously and had reached under the seat as if he were concealing a weapon. At the same time, the woman sitting on the rear-passenger side had stiffened and was sitting rigidly. Based on their actions, Officer Washington had directed these passengers to exit the car and searched under the front seat. However, no contraband or weapons were discovered.
Both Officer Washington and Officer Baldassaro testified that the building nearby had spotlights. In addition, the police vehicle lights illuminated the scene to the point that it was almost daylight. Officer Washington also testified that, although only Holmes was arrested in connection with the drugs, all four persons in the vehicle were arrested for criminal trespass on the grounds that not one of them was a resident of the housing project. The driver of the vehicle was also given traffic citations for the license plate violation and for having passengers who were not wearing seatbelts.
Glenn Gilyot, who was stipulated to be an expert in the analysis of narcotics, testified that he tested the substance in the plastic bag, which was identified by Officer Baldassaro as the one he retrieved from the scene, and that it tested positive as cocaine.
A review of the record reveals no errors patent.
In her sole assignment of error, Holmes argues that she was unfairly prejudiced when the State was not prevented from showing her "rap sheet" to a witness, and repeatedly mentioning that she had been arrested for criminal trespass at the same time she was arrested for possession of cocaine in this matter.
La. C.E. article 404 provides that evidence of other crimes, acts or wrongs is generally not admissible. When a witness refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible, upon request of the defendant, the defendant's remedy is a request for an admonition or a mistrial pursuant to La.C.Cr.P. art. 771. The remark or comment must constitute an unambiguous reference to other crimes. State v. Lewis, 95-0769, p. 7 (La.App. 4 Cir. 1/10/97), 687 So.2d 1056, 1060. On request, the trial court shall admonish the jury to disregard such remark or comment. La.C.Cr.P. art. 771. Upon motion of the defendant, the court may grant a *83 mistrial if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial. Id. The granting of a mistrial under La.C.Cr.P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Smith, 418 So.2d 515, 522 (La.1982); State v. Allen, 94-1895, p. 9 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078, 1085. Mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result to the defendant. The determination of whether prejudice has resulted lies within the sound discretion of the trial court. Id. A trial court's ruling on whether or not to grant a mistrial for a comment by a police officer referring to other crimes evidence should not be disturbed absent a clear abuse of discretion. State v. Manuel, 94-0087, 94-0088, p. 4 (La.App. 4 Cir. 11/30/94), 646 So.2d 489, 491.
Holmes' arrest for criminal trespass was discussed at length during cross-examination of Officer Washington. During that examination, defense counsel was attempting to exploit possible discrepancies and omissions in the police report including that all four occupants of the vehicle were arrested for trespass. Yet, this information was not reflected in the police report which had been given to the defense in connection with this particular case. Holmes does not argue that these references to her criminal trespassing arrest were so prejudicial that reversal of her conviction is appropriate. Instead, she argues that the State went too far when it introduced her rap sheet.
The first reference to a rap sheet occurred during the State's redirect examination of Officer Washington, and was apparently meant to rebut the defense's focus on the inadequacy of the police report prepared in connection with the incident. Officer Washington was asked if an arrest is documented anywhere for each individual. He replied, "They will all be documented. That's what causes us to have the rap sheet." Officer Washington then explained that a rap sheet results "every time someone is arrested." At that point defense counsel interposed his objection that any testimony regarding rap sheets would be irrelevant. The prosecutor responded by stating that she was inquiring about arrests which the defense was disputing in this case. Defense counsel argued that arrests of persons who are not present are "not relevant," and thus any reference to their rap sheets was improper. The district court overruled that objection, and Officer Washington was allowed to describe a "motion history" and "rap sheet" as follows:
As I was saying, the item numbers wouldit would go through motions and it'll show that on a certain day at a certain time that this person was arrested for a certain violation.
It was at this time that the State introduced, strictly for record keeping purposes (and not shown to the jury), exhibit S-5, which the State referred to only as a "rap sheet". Defense counsel immediately requested a bench conference off of the record. When the parties resumed on the record, the prosecutor asked Officer Washington whose name was on the rap sheet, and the defense objected and moved for a mistrial. The defense argued that only convictions could be introduced at trial. The district court overruled the objection and denied the request for a mistrial. Officer Washington then testified that Holmes' name was on the rap sheet and that there was an arrest for trespassing on March 2, 2002. No other testimony regarding arrests on the rap sheet was elicited.
*84 Although Holmes contends that the identification of the rap sheet was a reference to other crimes, this Court has held that a generalized reference to a criminal history file is not an unambiguous reference to other crimes. State v. Bonnee, 02-0637 (La.App. 4 Cir. 8/28/02), 826 So.2d 1187. In Bonnee a police officer testified that he obtained the identification line-up photograph of the defendant from a criminal history file. In discussing whether the district court should have granted a mistrial or admonished the jury, this Court stated:
That comment, although unfortunate, does not constitute the type of egregious reference to specific "other crimes" that would deprive the defendant of any reasonable expectation of a fair trial. Therefore, the trial court did not err in denying the motion for mistrial.
Third, Bonnee argues that the trial court erred in failing to admonish the jury to disregard the police officer's testimony that he obtained a photograph of Bonnee from a criminal history file. Pursuant to La.C.Cr.P. art. 771, admonishment is triggered only "upon the request of the defendant or the state." La.C.Cr.P. art. 771; State v. Tribbet, 415 So.2d 182, 185 (La.1982). Neither the defendant nor the state made a request for an admonishment. Therefore, this assignment is without merit.
Assuming arguendo that a request under La.C.Cr.P. 771 had been made, an admonishment would not be necessary unless the remark constituted an unambiguous reference to another crime. State v. Dillion, 99-2175, p. 8 (La.App. 4 Cir. 9/6/00), 770 So.2d 13, 19, writ denied, 2000-2815 (La.9/14/01), 797 So.2d 50, citing, State v. Hayes, 414 So.2d 717 (La.1982). The comment referenced no particular crime by Bonnee and referred only [to] "a criminal history file," not "Bonnee's criminal history file." The statement, while unfortunate, was ambiguous and did not mandate an admonishment. It was, in the words of the Louisiana Supreme Court "nothing more than an obscure reference to other crimes ... made without explanation or elaboration", and an admonishment would have focused the jury's attention on the other crimes issue. State v. Tribbet, 415 at 185. The trial court did not err in failing to admonish the jury, and this assignment is without merit.
Bonnee, pp. 7-8, 826 So.2d at 1191-92.
Here, although Holmes' rap sheet was shown to Officer Washington, he was asked only to confirm her arrest for criminal trespass which had been an integral part of the instant offense, and about which testimony had already been unobjected to. Furthermore, the defense through its cross-examination of Officer Washington had first raised the issue of documentation pertaining to the incident and the arrests or non-arrests of the people involved, thus opening the door for the State to present testimony relative to the documentation of arrests. More importantly, however, there was no testimony or reference to any arrests of Holmes other than the two offenses arising from the incident for which she was on trial; possession of cocaine and criminal trespass. Thus, even if the State should not have been allowed to physically show Holmes' rap sheet to the witness, the district court did not err in refusing to grant Holmes' request for a mistrial. The jury did not view the rap sheet, and obviously the jury was well aware of the fact that Holmes had been arrested for the instant offense and had a rap sheet. Furthermore, at no time did the defense ask that the jury be admonished to disregard the evidence of Holmes' arrest for criminal trespass. This assignment of error lacks merit.

*85 Decree
For the reasons above indicated, the conviction and sentence of Sherlita Holmes is hereby affirmed.
AFFIRMED.