JAMES F. McKAY III, Judge.
 

 h STATEMENT OF CASE
 

 On February 20, 2009, the State of Louisiana charged Gerard J. Tillman with one count of attempted second degree murder.
 
 [1]
 
 At his March 10, 2009 arraignment, Mr. Tillman pled not guilty to the charge. On October 23, 2009, the court heard Mr. Tillman’s preliminary hearing and motions to suppress evidence and identification. At the conclusion of the hearing, the court found that sufficient probable cause existed to hold Mr. Tillman for the charge of attempted second degree murder. The court also denied the motion to suppress evidence because it did not find that any constitutional rights were violated and denied the motion to suppress identification because it did not find that the lineups were suggestive.
 

 On April 22, 2010, a twelve-person jury found Mr. Tillman guilty of aggravated battery. Thereafter, on April 26, 2010, Mr. Tillman filed a post verdict judgment of acquittal, which the court denied. On that same date, the court sentenced Mr. Tillman to serve ten years at hard labor with credit for time served. However, a multiple offender bill was filed by the State, and Mr. Tillman pled | gguilty to the bill. The trial court vacated the ten-year
 
 *763
 
 sentence and resentenced Mr. Tillman to twelve years at hard labor with credit for time served as a second felony offender. It is from this ruling that Mr. Tillman appeals.
 

 Mr. Louis Cook, the victim, testified that on October 7, 2008, the night of the shooting, he was walking down Annunciation Street with some friends when three individuals came from the side of a home, pulled guns on them, and began shooting. Mr. Cook testified that he ran but was eventually shot in the back and as a result was hospitalized. While still hospitalized, Mr. Cook was interviewed by Detective Armondo Asaro (Detective Asaro). Detective Asaro testified that Mr. Cook provided him the names of the suspects which were used to compose the photographic line-ups.
 

 At the trial, detective Asaro testified that Mr. Cook provided him with the names of the perpetrators, “Javier Dam-peer and he gave me also Greedy (spelled phonetically), which was another subject. I knew Greedy to be in the area, to be Gerard Tillman.” Detective Asaro further stated: “You know with the nickname Greedy, that helped, I know Central City people that have been arrested before.” After this statement, Mr. Tillman’s counsel moved for a mistrial. The trial court subsequently offered to admonish the jury to disregard the comments; however, Mr. Tillman’s counsel stated: “[j]ust leave it alone, Judge, and then just please note my objection for the record.” Thereafter, the trial court denied the motion for a mistrial.
 

 ERRORS PATENT
 

 A review of the record reveals one patent error with respect to the appellant’s sentence.
 

 IsThis patent error is that the sentence imposed by the trial court is illegally lenient. The defendant was initially sentenced to ten years at hard labor. After being adjudicated a second offender, the trial court vacated the original sentence and resentenced the defendant under the multiple offender statute to twelve years at hard labor. However, La. R.S. 15:529.1(G) provides that all sentences imposed under the statute are to be served without benefit of probation or suspension of sentence. However, Paragraph A of La. R.S. 15:301.1 provides that in instances where the statutory restrictions are not recited at sentencing, they are included in the sentence given, regardless of whether or not they are imposed by the sentencing court.
 

 Furthermore, in
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790, the Louisiana Supreme Court ruled that paragraph A of the statute self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. Hence, this Court need take no action to correct the district court’s failure to specify that the defendant’s sentence be served without benefit of parole, probation, or suspension of sentence. The correction is statutorily effectuated.
 
 State v. Phillips,
 
 2003-0304 (La.App. 4 Cir. 7/23/03), 853 So.2d 675.
 

 DISCUSSION
 

 ASSIGNMENT OF ERROR
 

 Mr. Tillman argues that the trial court committed reversible error in denying the defendant’s motion for mistrial pursuant to La.C.Cr.P. art. 770. He asserts that based upon a statement made by Detective Asaro during testimony, “I know Central City people that have been arrested before,” that his motion for mistrial 14should have been granted. Mr. Tillman asserts that the reference was improper and argues that admonishment was not sufficient in this circumstance.
 

 At the trial of this matter, the prosecutor questioned Detective Asaro regarding
 
 *764
 
 how he assembled the lineup. The relevant portion of the trial transcript provides:
 

 Q. So Louis Cook gave you those names?
 

 A. Yes. Yes.
 

 Q. Before you showed him the lineup, he gave you—
 

 A. Without his help I couldn’t have gotten these lineups.
 

 Q. And so it must have been sometime before October the 10th that he gave you those names.
 

 A. Yes.
 

 Q. And when did he give you the names, over the phone?
 

 A. I interviewed him at the hospital.
 

 Q. The shooting took place on October 8th.
 

 A. Right. But I did interview him at the hospital.
 

 Q. That night?
 

 A. Yes, later on that night, I believe so.
 

 Q. Okay. So, and that’s how you were able to put together that lineup.
 

 A. Correct. You know, with the nickname Greedy, that helped. I know Central City people that have been arrested before—
 

 Prior to Detective Asaro completing his statement, Mr. Tillman’s counsel moved for a mistrial. The trial judge offered to admonish the jury pursuant to La.C.Cr.P. art. 771; however, Mr. Tillman’s counsel responded: “Just leave it 1 r,alone, Judge, and then just please note my objection for the record.” The trial court, outside of the presence of the jury, denied the motion for mistrial. At the close of trial, the trial court instructed the jury, prior to deliberations, that “[y]ou may not consider evidence which you were instructed to disregard or to which an objection was sustained.”
 

 When a witness refers directly or indirectly to another crime committed or alleged to have been committed by the defendant, as to which evidence is not admissible, the defendant’s remedy is a request for an admonition or a mistrial pursuant to La.C.Cr.P. art. 771. The remark or comment must constitute an unambiguous reference to other crimes.
 
 State v. Lewis,
 
 95-0769, p. 7 (La.App. 4 Cir. 1/10/97), 687 So.2d 1056, 1060. On request, the trial court shall admonish the jury to disregard such remark or comment. La.C.Cr.P. art. 771. Upon motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial.
 
 Id.
 
 The granting of a mistrial under La.C.Cr.P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial.
 
 State v. Smith,
 
 418 So.2d 515, 522 (La.1982);
 
 State v. Allen,
 
 94-1895, p. 9 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078, 1085. Mistrial is a drastic remedy that is only authorized where substantial prejudice will otherwise result to the defendant.
 
 Id.
 
 The determination of whether prejudice has resulted lies within the sound discretion of the trial court.
 
 State v. Banks,
 
 96-2227, p. 2 (La.4/18/97), 692 So.2d 1051, 1053. A trial court’s ruling on whether or not to grant a mistrial because of comments by a police officer referring to other crimes evidence should not be disturbed absent a clear abuse of discretion.
 
 State v. Nicholson,
 
 96-2110, p. 13 (La.App. 4 Cir. 11/26/97), 703 So.2d 173, 180;
 
 State v. Manuel,
 
 94-0087, 94-0088, p. 4 (La.App. 4 Cir. 11/30/94), 646 So.2d 489, 491. “Errors are harmless unless the reviewing court is thoroughly convinced that the remarks inflamed the jury and contributed to the verdict.”
 
 State v. Nicholson,
 
 supra, citing
 
 State v. Byrne,
 
 483 So.2d 564 (La.1986).
 

 
 *765
 
 Contrary to Mr. Tillman’s assertion, Detective Asaro’s statement “I know Central City people that have been arrested before” is not a reference to another crime committed or alleged to have been committed by Mr. Tillman. The court reasoned that the reference was not clearly a reference to the defendant. In
 
 State v. Adams,
 
 07-0977 (La.App. 4 Cir. 1/23/08), 976 So.2d 757, 759, the officer mentioned that the defendant had a history of arrest warrants. In
 
 State v. Harris,
 
 97-2903 (La.App. 4 Cir. 9/01/99), 742 So.2d 997, 1002, the detective made a reference to the defendant’s “Bureau of Identification number, which is assigned each time a person is arrested.” In neither of these cases was a mistrial granted. Therefore, it stands to reason that a mistrial is only warranted if the reference to another crime is unambiguous.
 
 See also, e.g., State v. Holmes,
 
 02-2263 (La.App. 4 Cir. 2/26/03), 841 So.2d 80, 84. “Although Holmes contends that the identification of the rap sheet was a reference to other crimes, this Court has held that a generalized reference to criminal history file is not an ambiguous reference to other crimes.”;
 
 State v. Brown,
 
 95-0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057, 1067-1068 (Officer’s statement that “I use to work in the jail, and I knew Ricky [the defendant] from the jail” was not an unambiguous reference to another crime).
 

 Based on the above jurisprudence the trial court did not abuse its discretion in denying the defendant’s motion for mistrial.
 

 |7We must also note that the relevant statement ostensibly does not fall in line with the mandatory provisions for mistrial under La.C.Cr.P. art. 770, which provides in pertinent part:
 

 Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
 

 [[Image here]]
 

 (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
 

 [[Image here]]
 

 A police officer is not considered a court official within the meaning of La.C.Cr.P. art. 770. Thus, Detective Asaro cannot be considered a court official per the above noted article. Moreover, absent a showing of unresponsive answers of improper intent by the prosecutor, a mistrial is not warranted. Importantly, nothing in the transcript indicates that Detective Asaro was unresponsive or that the prosecutor solicited the remark made by Detective Asaro.
 
 See State v. Anderson,
 
 02-273 (La.App. 5 Cir. 7/30/02), 824 So.2d 517 and
 
 State v. Thomas,
 
 08-390 (La.App. 5 Cir. 1/27/09), 8 So.3d 80.
 

 Detective Asaro’s remark was outside of the parameters of La.C.Cr.P. art. 770. The trial court offered to admonish the jury to disregard the comment pursuant to La.C.Cr.P. art. 771. However, counsel for Mr. Tillman declined to have the trial court admonish. Contrary to Mr. Tillman’s argument, the trial court did not abuse its discretion when it denied his motion for mistrial. Detective Asaro’s remarks were vague and did not vitiate the defendant’s constitutional right to obtain a fair trial. Therefore, this assignment of error is without merit.
 

 CONCLUSION
 

 ^Accordingly, based upon the above and foregoing we affirm the defendant’s conviction.
 

 AFFIRMED
 

 [1]
 

 . In the same bill, the State charged two other defendants with attempted second degree murder. One of those defendants was also charged with aggravated battery. They are not parties to this appeal.