DO NOT PUBLISH

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**13-1169**

**STATE OF LOUISIANA**

**VERSUS**

**McKINLEY D. BATES, III**

************

**APPEAL FROM THE**
**SEVENTH JUDICIAL DISTRICT COURT**
**PARISH OF CONCORDIA, NO. 12-0493**
**HONORABLE GLEN WADE STRONG, JUDGE**

************

**J. DAVID PAINTER**
**JUDGE**

************

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**Bridgett Brown**
**P.O. Box 1790**
**Alexandria, LA 71309**
**COUNSEL FOR DEFENDANT-APPELLANT:**
　　**McKinley D. Bates, III**

**David R. Opperman**
**Assistant District Attorney, 7th Judicial District**
**4001 Carter Street, Suite 9**
**Vidalia, LA 71373**
**COUNSEL FOR APPELLEE:**
　　**State of Louisiana**

**PAINTER, Judge.**

Defendant, McKinley D. Bates, III, appeals his conviction for illegal possession of weapons and the sentence imposed in connection therewith. For the following reasons, we affirm.

**FACTS**

Defendant was found and arrested in possession of 10.44 pounds of marijuana with a street value of $50,000.00 to $120,000.00. Officers also found three pistols, a Taurus, a Ruger, and a Glock, in the bedroom that Defendant identified as his.

He was charged with four counts of illegal possession of a fire arm, a violation of La.R.S. 14:95(E) and he pled not guilty on April 11, 2012.[1] He changed his plea to guilty as charged pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), on March 25, 2013. The trial court sentenced Defendant to eight years at hard labor without benefit of parole, probation, or suspension of sentence, to run concurrently with another eight-year sentence that was imposed under a separate docket number.

Defendant filed a motion to reconsider his sentence on June 20, 2013. He argued that the eight-year sentence was excessive, and he should be sentenced to the minimum period of five years. He also contended that the trial court erroneously relied on the presentence investigation (PSI) report that contained information that should have been excluded.

Apparently, the State offered a plea bargain that included a ten-year sentence. At the plea hearing, prior to taking the guilty plea, the trial judge agreed

_____

[1]Defendant was also charged with another offense under a different docket number. The appeal of the sentence imposed for Defendant's conviction on those charges bears this court's docket number 13-1168.

1

that the sentence he imposed "would not exceed the [ten years] because that was the amount the district attorney had on the table."

Defendant appeals.

## DISCUSSION

*Error Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one possible error patent and/or the possibility that the minutes of sentencing are in need of correction.

The Defendant pled guilty to four counts of illegal possession of a firearm while in the possession of or during the sale or distribution of marijuana under district court docket number 12-493. At sentencing, the trial court stated in pertinent part:

> On the possession of marijuana with intent to distribute[,] I'm going to impose a sentence of eight years at hard labor under the supervision of Louisiana Department of Public Safety and Corrections. With regard to the carrying of a weapon while in possession of a controlled substance, the Court's going to impose a sentence of eight years at hard labor under the supervision of Louisiana Department of Public Safety and Corrections. The Court will run those sentences concurrent and *with each other*.

(emphasis added).

The minutes of sentencing state in pertinent part:

> The Defendant was present in open Court with his counsel, BRIDGETT BROWN, R. The Defendant having been arraigned on APRIL 11, 2013, and entered a plea of Guilty to the charge of POSS. WITH INTENT TO DISTRIBUTE CDS 1 and ILLEGAL POSS. OF WEAPONS AND CDS (4 CTS.) on MARCH 25, 2013, which was accepted by the Court and Pre-Sentence ordered and furnished. The Court heard the following witnesses: Bishop Robert Cade — sworn and testified. Vince Bates — sworn and testified. McKinley Bates III — sworn and testified.
>
> Defendant and his Counsel acknowledged that they had received from the Court factorial contents and conclusions of the

2

report, particularly those adverse to Defendant and they had no desire to oppose or contest any matters in the report or offer any additional matters for the Court to consider. The Defendant then waived all delays for sentencing and was sentenced by the Court as follows:

> (12-0492) He is to be confined at HARD LABOR in the LA Department of Corrections for a period of EIGHT (8) YEARS. This sentence is to RUN CONCURRENT with #12-0493.

> He is to be given CREDIT FOR TIME SERVED. The Court advised the accused that he/she has TWO (2) years to file for POST CONVICTION RELIEF from the date this conviction becomes final.

> (12-0493) He is to be confined at HARD LABOR in the LA Department of Corrections for a period of EIGHT (8) YEARS WITHOUT THE BENEFITS OF PROBATION, PAROLE OR SUSPENSION OF SENTENCE. This sentence is to RUN CONCURRENT with #12-0492.

This court finds that the trial court's inclusion of the phrase "concurrent . . . with each other" is sufficient to indicate that an eight year at hard labor sentence was imposed on each of the four counts, and that the trial court ordered them to run concurrently to each other. Therefore, there is no error patent.

However, the minute entry of the sentencing proceeding must be amended to accurately reflect the sentencing transcript in which the trial court ordered that the sentences imposed on the four counts of illegal possession of a firearm while in the possession of or during the sale or distribution of marijuana are to run concurrently to each other.

*Excessive Sentence*

Defendant argues that the trial judge erroneously considered the presentence investigation (PSI) report and that his eight-year sentence is excessive. Although the written plea agreement does not indicate any agreement among the parties and the judge about sentencing, the judge referred to a ten year cap at the plea hearing, prior to taking Defendant's guilty plea. Defendant's counsel commented, "You can

3

always go under the cap[.]" After that conversation, the trial judge informed Defendant that he could be sentenced to a term of imprisonment from five to thirty years at hard labor, five of which would be served without benefit of parole, probation, or suspension of sentence.

Later in the proceeding, the trial judge asked Defendant's counsel, "Do you know of any promises or inducements that may have been [made] to him regarding these charges other than the plea agreement that he would be not exposed to anything, there was a ten year cap on the proposed sentence?" Counsel indicated that the judge's comment was correct.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) prohibits a defendant from appealing or seeking review "of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Based on the trial court's comments, the parties and the trial judge agreed to a sentencing cap of ten years. Defendant was sentenced to eight years, two years less than he could have been sentenced pursuant to the cap. Accordingly, Defendant may not challenge his sentence, because it was imposed in accordance with the agreement to cap the possible sentencing exposure at ten years.

*ASSIGNMENTS OF ERROR NOS. 3-6:*

The errors alleged in these assignments are identical to errors alleged in a pre-trial writ application that Defendant filed on March 22, 2013. This court denied that writ application, finding "no error in the trial court's rulings." *State v. Bates*, 13-291 (La.App. 3 Cir. 3/25/13) (unpublished opinion).

In *State v. Marinello*, 09-1260, pp. 31-32 (La.App. 3 Cir. 10/6/10), 49 So.3d 488, 507, *writ denied,* 10-2494 (La. 3/25/11), 61 So.3d 660 *and writ denied,* 10-2534 (La. 3/25/11), 61 So.3d 661, under similar circumstances, this court held:

4

[W]e do not consider this assignment of error, as the issues presented were litigated during pre-trial proceedings. In *State v. Chambers,* 99–678 (La.App. 3 Cir. 1/19/00), 758 So.2d 231, *writ denied,* 00–551 (La.9/22/00), 768 So.2d 600, this court explained that a defendant may seek review of a pretrial ruling even after the denial of a pretrial supervisory writ application seeking review of the same issue. However, when a defendant does not present additional evidence on the issue after the pre-trial ruling, the issue can be rejected on appeal. *Id.* Judicial efficiency demands that this court accord great deference to its pre-trial decision unless it is apparent that the determination was patently erroneous and produced unjust results. *Id.*

The defendant's arguments remain the same as those presented to the trial court and later reviewed by the fifth circuit and the supreme court. Also, we find no patent error in those rulings nor will the determination produce an unjust result. Accordingly, we do not further review this assignment.

Here, the arguments that Defendant presents in these assignments of error are identical to his pre-trial arguments. Defendant has not shown that the trial court's decisions on these issues are patently erroneous or produce unjust results, and judicial efficiency demands that this court honor the trial court's decisions on these issues.

## CONCLUSION

Defendant may not challenge a sentence imposed in accordance with a sentencing cap. La.Code Crim.P. art. 881.2(A)(2). Assignments of Error 3 through 6 were addressed in a prior writ application by this court and should not be reconsidered here, where no additional evidence was presented. However, the minute entry of the sentencing proceeding is ordered to be amended to accurately reflect the sentencing transcript in which the trial court ordered that the sentences imposed on the four counts of illegal possession of a firearm while in the possession of or during the sale or distribution of marijuana were to run concurrently to each other.

5

Accordingly, Defendant's convictions and sentences are affirmed and the matter is remanded to allow amendment of the sentencing transcript.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**